**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| GIRARD STREET INVESTMENT HOLDINGS LLC,<br><br>*Plaintiff/Judgment Creditor/Garnishor*,<br><br>v.<br><br>PDV CHALMETTE, LLC;<br>CITGO PETROLEUM CORPORATION; and<br>LDC SUPPLY INTERNATIONAL, LLC,<br><br>*Garnishees*,<br><br>PDVSA PETRÓLEO S.A.,<br><br>*Defendant/Judgment Debtor*. | No. 4:25-mc-02337 |

**PURPORTED GARNISHEES' MEMORANDUM OF LAW IN OPPOSITION TO <u>GIRARD STREET'S MOTION FOR CONDITIONAL WRIT OF GARNISHMENT</u>**

Garnishees CITGO Petroleum Corporation, PDV Chalmette, LLC, and LDC Supply International, LLC submit this memorandum of law in opposition to Plaintiff Girard Street Investment Holdings LLC's Motion for Conditional Writ of Garnishment.

## NATURE AND STAGE OF THE PROCEEDING

On July 17, 2025, Girard Street obtained a money judgment from the Southern District of New York against Defendant PDVSA Petróleo, S.A. ("PPSA") and its parent, Petróleos de Venezuela, S.A. ("PDVSA"). Dkt. 1-1. On November 20, 2025, the Southern District of New York granted Girard Street's motion for leave to register the judgment in the Southern District of Texas. Dkt. 1. Girard Street filed this garnishment action against PPSA and Garnishees, which are all indirect subsidiaries of PDVSA, on November 26, 2025. Plaintiff seeks a "conditional" writ of garnishment, which is "**EXPRESSLY CONDITIONED** on **EITHER** the receipt by Garnishors of a specific license from the Office of Foreign Assets Control of the United States Department of Treasury authorizing such garnishment **OR** the lifting of relevant sanctions restricting Judgment Debtor's property." Dkt. 3, Ex. B (Proposed Order). Because a conditional writ of garnishment would violate the Venezuelan sanctions regime as implemented by the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") and is not a recognized remedy under Texas law, Plaintiff's motion should be denied.

## STATEMENT OF ISSUES

**Issue 1:** Whether issuance and service of Plaintiff's proposed conditional writ of garnishment is barred by U.S. sanctions blocking the issuance or service of any writ of garnishment or other judicial process creating a present, future, or contingent interest in the property of PDVSA or its direct or indirect subsidiaries.

**Issue 2:** Whether this Court may issue a "conditional writ of garnishment" even though it is not a recognized judgment enforcement remedy under Texas law.

**Standard of Review:** Federal Rule of Civil Procedure 69 "provide[s] that the law, both substantive and procedural, of the state where the federal court sits governs writs of garnishment unless a federal statute provides otherwise." *Licea v. Curacao Drydock Co., Inc.*, 952 F.3d 207, 212 (5th Cir. 2015); *see also* Fed. R. Civ. P. 69(a) ("A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.").[1] A federal court may not create new judgment enforcement remedies not recognized by the law of the forum state. *See, e.g.*, *Hilao v. Estate of Marcos*, 95 F.3d 848, 854 (9th Cir. 1996) (holding that district court erred by ordering garnishee banks to deposit contested funds into the court's registry where "no provision of California's law on enforcement of money judgments has been cited as authorizing such an order"); *see also Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 568 (5th Cir. 2006) (stating that "Rule 69(a)'s 'otherwise' clause is to be construed narrowly").

"Garnishment actions in Texas are 'purely statutory[,]' and courts have no power to extend the benefits of garnishment beyond the relief available under statute." *Smith v. PNC Bank*, No. 7:24-CV-438, 2025 WL 1549462, at *2 (S.D. Tex. May 30, 2025) (quoting *JGM Holdings, LLC v. T-Mobile USA, Inc.*, 568 F. App'x 316, 319 (5th Cir. 2014) (per curiam)); *see* Tex. Civ. Prac. & Rem. Code § 63.001. "Texas courts are clear that the remedy of garnishment is summary and

[1] Girard Street invokes Federal Rule of Civil Procedure 64, Dkt. 3 ¶ 15, but that rule governs pre-judgment enforcement remedies. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 436 n.10 (1974). In any event, Rule 64 likewise requires that the Court apply state law to determine the availability of Girard Street's requested writ unless a federal statute applies. *See* Fed. R. Civ. P. 64(a); *Licea*, 952 F.3d at 212.

harsh[] and should not be sustained unless there is strict compliance with the statutory requirements." *Smith*, 2025 WL 1549462, at *2 (citation modified) (collecting cases).

## STATEMENT OF FACTS

### A. Background on Girard Street and the New York Judgment

Girard Street is a sophisticated entity that specializes in investing in emerging market, sovereign, and distressed debt. It purchased the approximately $200 million promissory note underlying its judgment from a Venezuelan entity in an arm's-length transaction in January 2021. The note had originally been issued to third parties by PDVSA and was guaranteed by PPSA. The note was already in default when Girard Street purchased it, and the Venezuelan sanctions regime was already in place. Girard Street then chose not to participate in a sale process taking place in the District of Delaware, which sought to sell PDVSA's shares in its subsidiary PDV Holding, Inc. ("PDVH"), with the ultimate goal of satisfying the judgments of PDVSA creditors through the sale of CITGO. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-151 (D. Del.). The District of Delaware recently approved a sale of the PDVH shares for $5.892 billion. Final Sale Order, *id.*, Nov. 29, 2025, ECF No. 2556.

Instead of participating in the sale process, Girard Street sued PDVH in June 2024 in the Southern District of New York, seeking to hold PDVH liable for PDVSA's debts on a veil-piercing theory. *Girard Street Investment Holdings LLC v. PDV Holding, Inc.*, No. 1:24-cv-04448 (S.D.N.Y.), consolidated with *Girard Street Investment Holdings LLC v. Petróleos de Venezuela, S.A., et al.*, No. 1:23-cv-10772 (S.D.N.Y.) and *G&A Strategic Investments I LLC, et al. v. Petróleos de Venezuela, S.A. et al.*, No. 1:23-cv-10766 (S.D.N.Y.). In May 2025, the New York district court granted summary judgment for PDVH and PDVSA on the alter ego claims, finding that PDVSA did not exert significant and repeated control over PDVH's day-to-day operations and that it would

be inequitable to allow plaintiffs to "make an end run" around the *Crystallex* proceedings. *G&A Strategic Investments I LLC v. Petróleos de Venezuela, S.A.*, 788 F. Supp. 3d 616, 621 (S.D.N.Y. 2025).

Though it dismissed the plaintiffs' alter ego claims, the district court did grant summary judgment to the plaintiffs on their claims seeking to hold PDVSA and PPSA liable on the promissory notes. *Id.* It is this ruling that is the source of Girard Street's judgment, which it has filed as part of its Motion in this proceeding. Dkt. 1.

After issuing an amended final judgment in the New York action on July 17, 2025, *G&A Strategic Investments I LLC*, No. 1:23-cv-10766, ECF No. 256, the district court granted the plaintiffs' motion pursuant to 28 U.S.C. § 1963 for leave to register the judgment in the District of Delaware and the Southern District of Texas. No. 1:23-cv-10766, ECF No. 271. Plaintiff's counsel then filed the SDNY Clerk's Certification in this proceeding. Dkt. 1. Plaintiff contends that it has domesticated the judgment in accordance with Section 35.003 of the Texas Civil Practice & Remedies Code. Dkt. 3, Ex. A.

**B. The Venezuelan Sanctions Regime**

In March 2015, President Obama exercised his authority under the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.* ("IEEPA"), and other federal statutes to declare a national emergency with respect to the ongoing crisis in Venezuela. Exec. Order No. 13692, 80 Fed. Reg. 12747 (Mar. 8, 2015). President Trump exercised his authority under IEEPA and other federal statutes to take additional steps to address the national emergency declared in E.O. 13692 by issuing several additional Executive Orders between August 2017 and May 2018. *See* Exec. Order No. 13808, 82 Fed. Reg. 41155 (Aug. 24, 2017); Exec. Order No. 13827, 83 Fed. Reg. 12469 (Mar. 19, 2018); Exec. Order No. 13835, 83 Fed. Reg. 24001 (May 21, 2018).

On November 1, 2018, the President once again exercised his statutory authority to issue Executive Order 13850, which blocked the assets of any individual or entity designated by the U.S. Treasury Secretary as a Specially Designated National ("SDN"). Exec. Order No. 13850, 83 Fed. Reg. 55243 (Nov. 1, 2018). On January 28, 2019, the Treasury Secretary designated PDVSA as an SDN under E.O. 13850, and on August 5, 2019, the President issued Executive Order 13884, which blocked all property belonging to "the state and Government of Venezuela, any political subdivision, agency, or instrumentality thereof, including the Central Bank of Venezuela and Petroleos de Venezuela, S.A. (PdVSA), [and] any person owned or controlled, directly or indirectly, by the foregoing." Exec. Order No. 13884, § 6(d), 84 Fed. Reg. 38843 (Aug. 7, 2019). As a result, all "property and interests in property that are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of any United States person" belonging to PDVSA or any of its direct or indirect subsidiaries, such as PPSA and Garnishees, were "blocked" and cannot "be transferred, paid, exported, withdrawn, or otherwise dealt in" without a specific license from OFAC. *Id.* § 1(a).

On November 22, 2019, OFAC significantly amended and expanded the scope of its Venezuelan sanctions regulations to prohibit all transactions prohibited under any of the executive orders issued in connection with the sanctions program, including E.O. 13884. *See* Amended Venezuela Sanctions Regulations, 84 Fed. Reg. 64415, 64416 (Nov. 22, 2019); 31 C.F.R. § 591.201. The amendments also added a new regulation, which prohibits "the enforcement of any lien, judgment, arbitral award, decree, or other order through execution, *garnishment*, or other judicial process purporting to transfer or otherwise alter or affect property or interests in" blocked property "unless authorized pursuant to a specific license issued by OFAC." 31 C.F.R. § 591.407 (emphasis added). The OFAC regulations define "transfer" broadly to mean "any actual or

purported act or transaction . . . the purpose, intent, or effect of which is to . . . convey, transfer, or alter, directly or indirectly, any right, remedy, power, privilege, or interest with respect to any property," including "the service of any garnishment" and "the creation or transfer of any lien." *Id.* § 591.310. The regulations also define "property" or "property interest" to include a broad array of financial obligations, including "accounts payable, judgments, . . . and any other property, real, personal, or mixed, tangible or intangible, or interest or interests therein, present, *future*, or *contingent*." *Id.* § 591.309 (emphasis added). The regulations state that any unlicensed transfer of blocked property "is null and void and shall not be the basis for the assertion or recognition of any interest in or right, remedy, power, or privilege with respect to such property or property interest," *id.* § 591.202(a), and that "[u]nless licensed pursuant to this part, any attachment, judgment, decree, lien, execution, garnishment, or other judicial process is null and void with respect to any property and interests in property blocked pursuant to § 591.201," *id.* § 591.202(e). The property of PDVSA and its direct and indirect subsidiaries remain blocked today. *See* 31 C.F.R. § 591.201.

## ARGUMENT

### I. A Conditional Writ of Garnishment Would Violate U.S. Sanctions.

Girard Street concedes that the current Venezuelan sanctions regime prohibits the garnishment of debts or other property owed or belonging to PDVSA absent a specific license from OFAC. Dkt. 3 at 3, ¶ 10. Girard Street also concedes that it does not have a specific license from OFAC authorizing it to obtain a writ of garnishment against Garnishees. *Id.* While Plaintiff represents that it has applied for an OFAC license, *id.* at 3–4, it also concedes that it does not know whether or when such a license might be granted.

Girard Street's argument that it still can obtain a "conditional" writ of garnishment without violating the Venezuela sanctions regulations is mistaken. The regulations prohibit "the

enforcement of any … judgment … through execution, garnishment, or other judicial process purporting to transfer or otherwise alter or affect property or interests in" blocked property, including the creation of "future" or "contingent" interests. 31 C.F.R. § 591.407; *id.* § 591.309. Girard Street points to language from OFAC Frequently Asked Question ("FAQ") No. 808, which states that "creditors may file for writs of attachment without the need for OFAC authorization." Dkt. 3 ¶ 11, *quoting* OFAC FAQ 808, *available at* https://ofac.treasury.gov/faqs/topic/1581. But just because a creditor may file for a writ does not mean one can be granted without a license. And Plaintiff is not merely seeking a judicial determination that it would be entitled to a writ of garnishment if it received an OFAC license in the future, such as the order the District of Delaware court entered in the proceedings upon which Plaintiff incorrectly relies. *See OI European Group B.V. v. Bolivarian Republic of Venezuela*, No. 19-mc-290, 2022 WL 611563, at *8 (D. Del. Mar. 2, 2022) ("indicat[ing] it will eventually issue a writ of attachment" to qualifying creditors if authorized by OFAC at some future date).[2] It is seeking the issuance of a writ that would create a prohibited interest or, at the very least, a prohibited future or contingent interest in PPSA's property by "establish[ing] [its] priority to the debtor's assets" if and when it obtains a license. Dkt. 3 ¶ 12.

OFAC regulations expressly define a prohibited "transfer" to include "the service of any garnishment" and "the creation or transfer of any lien." 31 C.F.R. § 591.310. Plaintiff's proposed order states that "Garnishor **SHALL** serve the Conditional Writ of Garnishment attached hereto" on Purported Garnishees within 10 business days and orders the Purported Garnishees to answer

---

[2] If Plaintiff were only requesting a judicial determination that it would be entitled to relief under circumstances that have not and may never come to pass, then the motion would be seeking a non-justiciable advisory opinion and/or would not be ripe. *See, e.g.*, *In re Serta Simmons Bedding, LLC*, 125 F.4th 555, 576 (5th Cir. 2024) (explaining that federal courts "do not issue advisory opinions which cannot provide binding relief"); *Monk v. Huston*, 340 F.3d 279, 282–83 (5th Cir. 2003) (dismissing challenge to a permit application as not ripe in part because the permitting process had not yet run its course and the application might or might not be granted). The District of Delaware court disagreed, but, respectfully, that court's decision cannot be squared with Fifth Circuit precedent and is distinguishable for the reasons explained here.

by 10:00 a.m. on the Monday following the expiration of 20 days from the date of service. Dkt. 3, Ex. B. And under Texas law, "service of a writ of garnishment creates a lien on property subject to such writ of garnishment from the date of the service of the writ." *Matter of T.B. Westex*, 950 F.2d 1187, 1191 (5th Cir. 1992); *see also* Tex. Civ. Prac. & Rem. Code § 63.003 (providing for the legal effect of a writ of garnishment to arise immediately after service).

This is not the same situation as in the District of Delaware litigation. There, the creditors all received a single OFAC license to obtain an attachment at the same time, and all their writs were issued and served on the same day. The court thus had to decide how to implement Delaware's first-in-time priority scheme under those unique circumstances, and it decided that priority would be based on the date on which a creditor filed a motion for a writ of attachment that was eventually granted. *See* Mem. Order at 23, *Crystallex Int'l Corp.*, No. 17-mc-151, July 27, 2023, ECF No. 646. Here, by contrast, some other creditor might obtain a license before Girard Street does (if it ever does). This presumably is why Girard Street asks the Court to issue and serve the writ now. *See Commercial Credit Corp. v. U. S. Fire Ins. Co.*, 630 S.W.2d 651, 652 (Tex. App.—Houston [1st Dist.] 1981) (explaining that "garnishment establishes a priority in favor of the creditor-garnishor" and that "among the creditor-garnishors, the garnishment which is prior in time of service is prior in time of right and subsequent writs of garnishment cannot impair or affect the rights of the prior garnishor"). Accordingly, the issuance and service of the writ Plaintiff seeks is barred by federal law.

## II. A Conditional Writ of Garnishment Is Not a Recognized Remedy Under Texas Garnishment Law.

Even if federal law did not bar the requested relief, Plaintiff's motion must be denied because a "conditional" writ of garnishment is not a recognized remedy under Texas law. Plaintiff asks this Court to invent a novel procedural mechanism—a writ conditioned on future, speculative

federal licensing decisions—to secure a place in line against the judgment debtor's assets and to determine whether Garnishees hold funds or other property owed or belonging to the judgment debtor. Texas law, however, does not grant courts the equitable power to craft such a remedy in garnishment proceedings.

Garnishment in Texas is "purely a creature of statute and was unknown at common law." *Zeecon Wireless Internet, LLC v. Am. Bank of Tex., N.A.*, 305 S.W.3d 813, 816 (Tex. App.—Austin 2010, no pet.). Because garnishment is a harsh remedy, garnishment proceedings "cannot be sustained unless they strictly conform to the statutory requirements and related rules." *Simulis, LLC v. G.E. Cap. Corp.*, 276 S.W.3d 109, 112 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citation modified). And Texas law does not permit courts to fashion new judgment enforcement remedies beyond those provided for by statute. *See Ritchie v. Rupe*, 443 S.W.3d 856, 872, 876 (Tex. 2014) (where the Legislature has provided a specific statutory remedy, courts cannot invoke a "general equity power" to fashion additional judicial remedies).

The Texas Legislature has established the specific, exclusive grounds for issuance of a writ in Section 63.001 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 63.001. And the Texas Rules of Civil Procedure specify the form, procedure for executing, and effect of a writ of garnishment. *See, e.g.*, Tex. R. Civ. P. 661 (form of writ commanding garnishee to appear at the specified date and time and "then and there to answer upon oath what, if anything, you are indebted to the said [defendant], and were when this writ was served upon you, and what effects, if any, of the said [defendant] you have in your possession, and had when this writ was served, and what other persons, if any, within your knowledge, are indebted to the said [defendant] or have effects belonging to him in their possession. You are further commanded NOT to pay to defendant any debt or to deliver to him any effects, pending further order of this court."); *id.*

R. 663a (requiring notice to the defendant that "[its] money or property has been frozen or seized ('garnished') because __________ (the 'Garnishor') has filed a garnishment proceeding").

Nowhere in the statute or rules is there a writ or order that can be issued "conditionally" on the anticipation that a plaintiff might be entitled to a writ of garnishment in the future. *See JGM Holdings*, 568 F. App'x at 319 (courts have "no power to extend the benefits of garnishment beyond the relief available under statute"). Nor is there provision for a remedy that allows a plaintiff to obtain part of the relief available under a writ of garnishment—*e.g.*, compelling the garnishee to submit an answer upon oath regarding debts or other property owed or belonging to the defendant—to aid in execution of a future writ of garnishment. *See Wrigley v. First Nat'l Sec. Corp.*, 104 S.W.3d 252, 256–57 (Tex. Ct. App.—Beaumont 2003, no pet.) ("the issuance and service of the writ of garnishment fixes the trial court's jurisdiction to determine whether the garnishee holds funds belonging to the judgment debtor").

The Texas Legislature created the remedy of garnishment in a specific form and subject to specific requirements. It did not create a conditional remedy to hold a creditor's place in line while it seeks federal regulatory approval. Girard Street is a sophisticated investor that purchased distressed debt with full knowledge of the existing sanctions regime. It now seeks to bypass that regime by asking this Court to manufacture a procedural foothold—a "conditional" lien—that Texas statutes do not authorize. Because the requested writ is not recognized by, and does not strictly conform to the requirements of, the Texas Civil Practice and Remedies Code and Texas Rules of Civil Procedure, this Court lacks the authority to grant it. *See Hilao*, 95 F.3d at 855.

## CONCLUSION

For the foregoing reasons, this Court should deny the Motion for Conditional Writ of Garnishment.

Dated: December 23, 2025

Respectfully submitted,

**EIMER STAHL LLP**

By: */s/ Nathan P. Eimer*

Nathan P. Eimer
State Bar No. 24001478
S.D. Tex. No. 31213
neimer@eimerstahl.com
Daniel D. Birk (*pro hac vice forthcoming*)
dbirk@eimerstahl.com
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Fax: (312) 692-1718

*Attorneys for Purported Garnishees CITGO Petroleum Corporation; PDV Chalmette, Inc.; and LDC Supply International, LLC*

**CERTIFICATE OF SERVICE**

I certify that on December 23, 2025, a true and correct copy of **Purported Garnishees' Memorandum of Law In Opposition to Girard Street's Motion for Conditional Writ of Garnishment** was filed via the court's CM/ECF system, which will automatically serve a Notice of Electronic Filing to all registered users.

*/s/ Nathan P. Eimer*
Nathan P. Eimer