**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| GIRARD STREET INVESTMENT HOLDINGS LLC,<br><br>Plaintiff/Judgment Creditor/Garnishor,<br><br>v.<br><br>PDV CHALMETTE, LLC; CITGO PETROLEUM CORPORATION; and LDC SUPPLY INTERNATIONAL, LLC,<br><br>Garnishees,<br><br>PDVSA PETRÓLEO, S.A.,<br><br>Defendant/Judgment Debtor. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 4:25-mc-02337<br><br>Hon. Keith P. Ellison |

**DEFENDANT/JUDGMENT DEBTOR PDVSA PETRÓLEO, S.A.'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S <u>MOTION FOR CONDITIONAL WRIT OF GARNISHMENT</u>**

Pursuant to the Court's direction at the September 28, 2026 hearing, Defendant/Judgment Debtor PDVSA Petróleo, S.A. ("PPSA") and Petróleos de Venezuela, S.A. ("PDVSA") submit this supplemental brief on the two questions the Court identified: whether the Court has subject-matter jurisdiction over this garnishment proceeding, and whether a "conditional" writ of garnishment may issue against blocked property without a specific license from the Office of Foreign Assets Control ("OFAC"). PPSA and PDVSA address the first question below. For the reasons stated in Part II, the Court should not reach the second.

## I. THE COURT LACKS SUBJECT-MATTER JURISDICTION.

### A. This garnishment is an independent action that requires its own jurisdictional basis, and Peacock does not displace Berry and Bass in this Circuit.

The Fifth Circuit has held that post-judgment garnishment proceedings against persons who were not parties to the judgment "are construed as independent actions from the primary

action which established the judgment debt," that a federal court's "ancillary jurisdiction to enforce its judgment does not extend to these garnishment actions," and that each such action must therefore rest on an independent basis of federal jurisdiction. *Berry v. McLemore*, 795 F.2d 452, 455–56 (5th Cir. 1986). The court reached that result because the garnishees' alleged obligations were "completely independent of the primary judgment against" the debtor, and it could "find no case where a court held that it had ancillary jurisdiction to consider claims in a new and independent action merely because the second action sought to satisfy or give additional meaning to an earlier judgment." *Id.* at 455. Three years after *Peacock v. Thomas*, 516 U.S. 349 (1996), the Fifth Circuit reaffirmed that holding in a case that, like this one, involved a judgment registered in a second forum and garnishment directed at non-party garnishees: "In this we are bound by our holding in *Berry v. McLemore* and the reasoning behind it." *In re Bass*, 171 F.3d 1016, 1024 (5th Cir. 1999); *see id.* at 1024–25 (the "*Butler*/*Berry* analysis is clearly applicable" and "stymies" reliance on supplemental jurisdiction).

Girard Street's answer is that *Peacock* "described" ancillary enforcement jurisdiction as reaching "supplementary proceedings involving third parties . . . including attachment, mandamus, [and] garnishment." Dkt. 16 at 3 (quoting 516 U.S. at 356). But that sentence summarizes earlier decisions—the garnishment citation is to *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825 (1988), an ERISA-preemption case—and *Peacock* itself denied jurisdiction. The Court stressed that it had "never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment," 516 U.S. at 357; that it had "cautioned against the exercise of jurisdiction over proceedings that are 'entirely new and original,' or where 'the relief [sought is] of a different kind or on a different principle' than that of the prior decree," *id.* at 358; and that "[a]ncillary

enforcement jurisdiction is, at its core, a creature of necessity," *id.* at 359. Nothing in *Peacock* addresses, much less "unequivocally" overrules, *Berry*'s holding, and under the rule of orderliness this Court remains bound by *Berry* and *Bass*. *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021) (an intervening Supreme Court decision must "unequivocally" overrule prior precedent). The district courts of this Circuit that have considered Girard Street's argument have so held. *Burgh Invs., Inc. v. Burk*, No. 24-2339, 2025 WL 2163518, 2025 U.S. Dist. LEXIS 145698, at *4 (E.D. La. July 30, 2025) (the Fifth Circuit "has continued to apply *Berry*" after *Peacock*; "[u]ntil the Fifth Circuit rules otherwise, this court is not free to disregard *Berry*, even if the Supreme Court has 'implicitly overruled' it"); *Helena Chem. Co. v. R&E Farms*, No. 4:16-CV-86-JMV, 2017 U.S. Dist. LEXIS 179338, at *7 (N.D. Miss. Oct. 30, 2017); *Silo Techs., Inc. v. B&R Express LLC*, No. 4:24-CV-00831, 2025 WL 2617714, at *1 (S.D. Tex. Aug. 25, 2025) (Bryan, M.J.) (no ancillary jurisdiction over garnishment "even though the garnishment is sought to satisfy a judgment entered in this case"), *adopted*, 2025 U.S. Dist. LEXIS 176466 (S.D. Tex. Sept. 10, 2025); *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 774 F. Supp. 3d 799, 803–06 (N.D. Tex. 2024).

The Fifth Circuit decisions Girard Street cites do not hold otherwise. *Zimmerman v. City of Austin*, 969 F.3d 564 (5th Cir. 2020), concerned an attorney's-fee motion between the original parties; *Thomas v. Hughes*, 27 F.4th 995, 1018–19 (5th Cir. 2022), concerned the rendering court's retention of jurisdiction over fraudulent-transfer claims in the very action in which the judgment was entered. Neither involved a garnishment of a stranger to the judgment, and neither cited *Berry* or *Bass*. And the bankruptcy decision on which Girard Street relies for the proposition that *Berry* "has been overruled" by *Peacock*, Dkt. 16 at 4 n.3, said no such thing: the sentence Girard Street quotes is the court's summary of the trustee's argument ("The Trustee argues that *Berry* pre-dated

. . . *Peacock*; thus, to the extent that *Berry* held . . . it has been overruled"), and the court went on to hold that it, as a bankruptcy court, "lacks, or may not exercise, ancillary jurisdiction" over the claim. *In re Heritage Org., L.L.C.*, 454 B.R. 353, 372–73 (Bankr. N.D. Tex. 2011). The same decision records what Girard Street omits: *Peacock* granted certiorari "to resolve a conflict among the Courts of Appeals," 516 U.S. at 352, and listed *Berry* among the decisions on the side of that conflict it adopted, *id.* at 352 n.2—"the correct side of the split." 454 B.R. at 372 n.16.

Registration under 28 U.S.C. § 1963 adds nothing. A registered judgment has "the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." It does not confer federal jurisdiction over a new action against persons who were never parties to the judgment; the judgment in *Bass* was itself a registered judgment. 171 F.3d at 1024. And this proceeding is further from the core of enforcement jurisdiction than *Berry* was: Girard Street does not ask the Court to execute the New York judgment, but to fix, today, its place in line against blocked receivables that cannot be reached unless the Executive Branch permits it—relief "of a different kind" and "on a different principle" than a money judgment, *Peacock*, 516 U.S. at 358, and no matter of "necessity," *id.* at 359.

### B. The only asserted basis for jurisdiction, diversity, fails because PPSA is a real party in interest and an alien.

The only independent basis of jurisdiction Girard Street invokes is diversity under 28 U.S.C. § 1332(a). Dkt. 3 ¶ 4. Section 1332 requires complete diversity, and the rule applies with full force to suits by aliens: an alien plaintiff cannot sue an alien defendant in federal court, whether or not citizens of a State are also joined. *Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp.*, 506 F.2d 757, 758 (5th Cir. 1975); *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1152–53 (5th Cir. 1985) ("diversity jurisdiction may not therefore be invoked under section 1332(a)(2)" in a suit between aliens). Girard Street and PPSA are both aliens. Dkt. 3 ¶¶ 1–2; Dkt. 8 at 6–7.

Girard Street's own jurisdictional allegation—that this action "is between citizens of a state and citizens or subjects of a foreign state," Dkt. 3 ¶ 4—omits PPSA altogether.

Girard Street's sole response is that PPSA is a "nominal" party whose citizenship is disregarded. Dkt. 16 at 4–6. The governing rule is that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). In this Circuit, a party is nominal if "his role in the law suit is that of a depositary or stakeholder," or, put differently, if "in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable." *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970); *Louisiana v. Union Oil Co. of Cal.*, 458 F.3d 364, 366–67 (5th Cir. 2006) (State held "a real party in interest to this suit, not a mere depositary"). PPSA fails that test on every measure.

First, the property at stake is PPSA's. Garnishment in Texas "is a creditor's action against his debtor's debtor to obtain payment of what is owed the creditor," *Orange Cnty. v. Ware*, 819 S.W.2d 472, 474 (Tex. 1991), accomplished "by means of proper statutory process issued against the debtor and the garnishee," *id.* (quoting *Beggs v. Fite*, 106 S.W.2d 1039, 1042 (Tex. 1937)). Thus defined, garnishment "necessarily involves three parties: a creditor, a debtor, and a third person who has some obligation to the debtor." *Id.* The proceeding is quasi in rem; "the garnishee effectively becomes the receiver of the court, holding the property until it is determined who is entitled to it." *Zeecon Wireless Internet, LLC v. Am. Bank of Tex., N.A.*, 305 S.W.3d 813, 816 (Tex. App.—Austin 2010, no pet.). Judgment for the garnishor is rendered against the garnishee for the debt the garnishee owes the debtor, Tex. R. Civ. P. 668, and it is the debtor's property, not the garnishee's, that satisfies the creditor. Tex. Civ. Prac. & Rem. Code § 63.003. The Garnishees are

stakeholders; the party whose property is taken is PPSA. Second, Texas law makes the debtor a party with enforceable rights in the proceeding. "[W]hile the judgment debtor (the defendant) is not a 'necessary party' to the proceeding, he is nevertheless a party to the proceeding who has rights in the process," including standing "to replevy or to file a motion seeking to have the garnishment vacated, dissolved, or modified," and, "first and foremost, . . . the right to notice of the garnishment action." *Barrow v. Wells Fargo Bank, N.A.*, 587 S.W.3d 137, 140 (Tex. App.—Fort Worth 2019, no pet.) (citing Tex. R. Civ. P. 663a, 664, 664a); *accord Billiouris v. Wells Fargo Bank N.A.*, No. 3:15-CV-2664-L, 2022 WL 2992880, at *3 (N.D. Tex. July 28, 2022). Since 1978, "the debtor must be served," and Rules 663a and 664a "work together to provide the debtor with . . . notice and opportunity to be heard," including a hearing within ten days at which the garnishor bears the burden of sustaining the writ. *Hering v. Norbanco Austin I, Ltd.*, 735 S.W.2d 638, 641–42 (Tex. App.—Austin 1987, writ denied); Tex. R. Civ. P. 664a. Service on the debtor is "an essential part of acquiring jurisdiction over the res"; without it the court has no power over the debtor's property, and the defect cannot be waived. *Zeecon*, 305 S.W.3d at 819–20; *Walnut Equip. Leasing Co. v. J-V Dirt & Loam, Inc.*, 907 S.W.2d 912, 915 (Tex. App.—Austin 1995, writ denied). Even the decision Girard Street cites for the proposition that the debtor "is not a party," Dkt. 16 at 5, holds that Rule 663a notice "is a primary legal right of the judgment debtor" which only the debtor may assert. *Sherry Lane Nat'l Bank v. Bank of Evergreen*, 715 S.W.2d 148, 151–52 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). A party the rules require to be served, entitled to a prompt hearing, and empowered to dissolve the writ is not a "depositary or stakeholder," and no judgment could be entered "in [its] absence" consistent with equity and good conscience.

Third, the cases on which Girard Street relies confirm rather than undermine the point, because every one of them involved a garnishee that was the debtor's real adversary. In *Labertew*

*v. Langemeier*, 846 F.3d 1028, 1032 (9th Cir. 2017), *Monroe v. Roedder*, 583 F. Supp. 2d 1031, 1034 (E.D. Mo. 2008), and *Paxson v. Estate of Lane*, No. 24-CV-01076, 2024 WL 4227246, at *3 (D. Kan. Sept. 18, 2024), the garnishee was a liability insurer disputing its own obligation to the debtor; the debtor in *Labertew* held a covenant that no execution would be taken against her, and the debtor in *Monroe* "was not served with the garnishment process." Those debtors had "nothing at stake" because the fight was over the insurer's separate liability, not the debtor's property. The Fifth Circuit's own description of such garnishments is that they are "in effect suits involving a new party litigating the existence of a new liability." *Butler v. Polk*, 592 F.2d 1293, 1295–96 (5th Cir. 1979). And *PNC Bank, N.A. v. MAC Meetings & Events, LLC*, No. 4:18-CV-1967, 2020 WL 3578574, at *3 (E.D. Mo. July 1, 2020), acknowledged "an apparent split in authority" and reached the debtor's citizenship only as an alternative ground.

This case is the opposite. The Garnishees do not dispute that they owe PPSA; Girard Street's own reply says so ("The Garnishees—each based in this District—owe money to PPSA." Dkt. 16 at 1). The Garnishees are stakeholders holding PPSA's receivables, and their objections to the writ rest on their own exposure: the regulatory prohibitions that bind them as U.S. persons, and the payment and default consequences a served garnishee bears under Texas law. Tex. Civ. Prac. & Rem. Code § 63.003(a); Tex. R. Civ. P. 667. Girard Street told the Court at the hearing that the Garnishees' adversity supplies the controversy that sustains jurisdiction. It does not. A stakeholder's interest in not being made to answer for property it holds for another is the "role . . . of a depositary or stakeholder" that *Tri-Cities* describes, 427 F.2d at 327; it is not a claim to the property, and the dispute over the property itself is between the creditor who seeks it and the debtor who owns it. Diversity jurisdiction "cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants"; the court must "look beyond the

pleadings, and arrange the parties according to their sides in the dispute," and whether "the necessary collision of interests" exists "must be ascertained from the principal purpose of the suit and the primary and controlling matter in dispute." *City of Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69–70 (1941); *Zurn Indus., Inc. v. Acton Constr. Co.,* 847 F.2d 234, 236–37 (5th Cir. 1988). The principal purpose of this suit is to reach PPSA's receivables and to fix Girard Street's priority in them, Dkt. 3 ¶¶ 12–13; Dkt. 3-1 ¶ 5 (accounts receivable "belonging to Defendant"); the primary and controlling matter in dispute is whether PPSA's blocked property may be encumbered. That is a controversy between Girard Street and PPSA. Where the garnishee contests its own liability, the garnishee's citizenship is what matters; where, as here, the garnishee concedes the debt and stands as a stakeholder whose objections concern its own exposure, the debtor is the real party whose citizenship controls. On either view, a Cayman Islands creditor cannot manufacture diversity by naming the Delaware stakeholders and labeling the Venezuelan owner of the property "nominal." *Berry* itself, in holding diversity lacking over one of the garnishments before it, counted the judgment debtor among the parties whose common citizenship defeated it, 795 F.2d at 456, and the Texas federal courts that have addressed the question require the garnishor to be "diverse from the defendant (judgment debtor) and from every garnishee joined in the action." *Choice Hospice,* 774 F. Supp. 3d at 806; *Phillips N. Am. LLC v. United States Auto. Ass'n*, No. 3:25-CV-1210-L-BN, 2025 WL 1828523, 2025 U.S. Dist. LEXIS 125936, at *2 (N.D. Tex. July 2, 2025).

Because Girard Street and PPSA are both aliens, complete diversity is lacking, and the motion must be denied and this proceeding dismissed for want of subject-matter jurisdiction.

## II. THE COURT SHOULD NOT REACH THE SECOND QUESTION; IF IT DOES, PPSA AND PDVSA JOIN THE GARNISHEES' TEXAS-LAW ARGUMENTS.

A court that lacks subject-matter jurisdiction "cannot proceed at all in any cause"; "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). The requirement is "inflexible and without exception," *id.* at 94–95, and a ruling on the merits without jurisdiction would be "nothing more than a hypothetical judgment." *Id.* at 101. Because Part I disposes of the motion, the Court should dismiss this proceeding without reaching the second question. Should the Court conclude otherwise, PPSA and PDVSA join the Garnishees' arguments that Texas law recognizes no conditional writ and that the relief requested is unripe (Dkt. 6 at 7–10 & n.2), and Sections II and III of the Garnishees' supplemental brief insofar as they address Texas law.

## CONCLUSION

The Court should deny Girard Street's Motion for Conditional Writ of Garnishment (Dkt. 3) and dismiss this proceeding for lack of subject-matter jurisdiction. In the alternative, the Court should deny the motion for the reasons stated in Part II.

Respectfully submitted,

/s/ M. Andrés Sánchez-Ross
M. Andrés Sánchez-Ross
Attorney-in-Charge
Texas Bar No. 24056262
S.D. Tex. Bar No. 743446
C. Anderson Parker
Texas Bar No. 24046584
S.D. Tex. Bar No. 567726
Parker Sanchez & Donnelly PLLC
700 Louisiana Street, Suite 4520
Houston, Texas 77002
Tel.: (713) 659-7200
andres@psd.law
andy@psd.law

**CERTIFICATE OF SERVICE**

I certify that on October 5, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Texas using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ M. Andrés Sánchez-Ross
M. Andrés Sánchez-Ross