**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| GIRARD STREET INVESTMENT HOLDINGS LLC,<br><br>*Plaintiff/Judgment Creditor/Garnishor,*<br><br>v.<br><br>PDV CHALMETTE, LLC; CITGO PETROLEUM CORPORATION; and LDC SUPPLY INTERNATIONAL, LLC<br><br>*Garnishees,*<br><br>PDVSA PETRÓLEO S.A.,<br><br>*Defendant/Judgment Debtor*. | No. 4:25-mc-2337 |

**GIRARD STREET'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS**
**<u>MOTION FOR CONDITIONAL WRIT OF GARNISHMENT</u>**

**TABLE OF CONTENTS**


I. The Relief Girard Street Seeks Is Authorized by Texas Law and is Consistent with Federal Law ..... 1

II. Girard Street Does Not Ask the Court to Determine Priority Now, and Nothing in the Relief it Seeks Operates to Prejudge Priority ..... 5

III. The Venezuela Sanctions Regulations Do Not Bar Issuance of a Writ Requiring Only a Sworn Answer ..... 6

IV. The Court Has Diversity Jurisdiction Because PPSA Is a Nominal Party ..... 7

V. The Court Should Grant Girard Street Relief ..... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barrow v. Wells Fargo Bank, N.A.*,
587 S.W.3d 137 (Tex. App.—Fort Worth 2019, no writ) ........................................................7

*Berry v. McLemore*,
795 F.2d 452 (5th Cir. 1986) ..................................................................................................8

*Billiouri v. Wells Fargo Bank, N.A.*,
No. 3:15-CV-2664, 2022 WL 2992880 (N.D. Tex. July 28, 2022)..........................................7

*Matter of Bohart*,
743 F.2d 313 (5th Cir. 1984) ..................................................................................................3

*Corfield v. Dallas Glen Hills LP*,
355 F.3d 853 (5th Cir. 2003) ..................................................................................................8

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
No. 23-1117, 2024 WL 3342444 (3d Cir. July 9, 2024)..........................................................4

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
No. 17-mc-151, 2022 WL 1404702 (D. Del. May 4, 2022) ............................................2, 4, 6

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
No. 17-cv-151, 2023 WL 4826467 (D. Del. July 27, 2023) ............................................5, 6, 9

*FG Hemisphere Assocs., LLC v. République du Congo*,
455 F.3d 575 (5th Cir. 2006) ..................................................................................................1

*JGM Holdings, L.L.C. v. T-Mobile USA, Inc.*,
568 F. App'x 316, 318 (5th Cir. 2014)......................................................................................7

*JGM Holdings LLC v. T-Mobile USA, Inc.*,
No. 3:13-cv-1297, Dkt. 1 (N.D. Tex. Mar. 28, 2013)...............................................................7

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)............................................................................................................4, 9

*Lease Fin. Grp., LLC v. Childers*,
310 S.W.3d 120 (Tex. App. 2010)...........................................................................................2

*McKnight v. Blanchard*,
667 F.2d 477 (5th Cir. 1982) ..................................................................................................4

*Navarro Sav. Ass'n v. Lee*,
446 U.S. 458 (1980)....................8

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*,
73 F.4th 157 (3d Cir. 2023)....................4

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*,
No. 19-mc-290, 2022 WL 611563 (D. Del. Mar. 2, 2022)....................3

*Orange County v. Ware*,
819 S.W.2d 472 (Tex. 1991)....................7

*Philadelphia Indem. Ins. Co. v. JJ Red Com. Roofing LLC*,
No. 3:23-cv-2581, 2024 WL 749571 (N.D. Tex. Feb. 23, 2024)....................7, 9

*Thomas v. Hughes*,
27 F.4th 363 (5th Cir. 2022)....................7

*Wedgeworth v. Fibreboard Corp.*,
706 F.2d 541 (5th Cir. 1983)....................4

*Whiteside v. Allegiance Bank*,
No. 4:22-cv-1081, 2024 WL 218514 (E.D. Tex. Jan. 19, 2024)....................1

**Statutes**

50 U.S.C. § 1702(b)....................6

Tex. Civ. Prac. & Rem. Code Ann. § 63.001....................1

Tex. Civ. Prac. & Rem. Code Ann. § 63.003....................2, 9

**Other Authorities**

31 C.F.R. § 591.310....................5

Fed. R. Civ. P. 69....................1

Tex. R. Civ. P. 661....................3

Plaintiff/Judgment Creditor/Garnishor Girard Street Investment Holdings LLC ("Girard Street") submits this supplemental brief addressing questions raised at the September 28, 2026 hearing. The only other court to confront enforcement of judgments blocked by the Venezuela Sanctions Regulations—the District of Delaware—did not leave creditors without a remedy; it entered orders authorizing writs conditioned on OFAC action. The Court should do the same here.

## I. The Relief Girard Street Seeks Is Authorized by Texas Law and is Consistent with Federal Law

Rule 69 requires that execution "accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Garnishment is thus governed by state law "to the extent it does not conflict with federal law." *FG Hemisphere Assocs., LLC v. République du Congo*, 455 F.3d 575, 595 (5th Cir. 2006) (applying the Texas garnishment statute). Rule 69 "was not intended to put the federal judge into a straightjacket," and it does not "require application of 'every jot and title' of state law." *Whiteside v. Allegiance Bank*, No. 4:22-cv-1081, 2024 WL 218514, at *3 (E.D. Tex. Jan. 19, 2024) (quoting 12 Wright & Miller § 3012 n.33).

Texas law provides that a "writ of garnishment is available if" a plaintiff "has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." Tex. Civ. Prac. & Rem. Code Ann. § 63.001(3). Girard Street meets every element, as the Court and even Garnishees recognize: "without the Venezuela variable in the equation, this would be pretty straightforward." Transcript of September 28, 2026, Hearing ("Tr.") at

17:22–24.[1]

The question is how "the Venezuela variable" interacts with Texas law. The Venezuela Sanctions Regulations ("VSR") let a creditor file for a writ but require an OFAC[2] license to enforce a lien through garnishment.[3] Texas law, for its part, demands strict compliance with its garnishment procedure. *See Lease Fin. Grp., LLC v. Childers*, 310 S.W.3d 120, 124 (Tex. App. 2010). The two can be reconciled. No federal statute displaces Texas garnishment law as a whole. *See* Tr. 15:10–19. But the VSR displaces one element: the command that the garnishee not pay the debtor. Tex. Civ. Prac. & Rem. Code Ann. § 63.003(a). Everything else in the Texas procedure remains intact. The Court can therefore apply both: issue the writ Texas law requires, and suspend its freeze until federal law permits it.

OFAC itself distinguishes preserving a creditor's position from transferring blocked property. It has adopted a non-enforcement posture towards creditors "taking steps to preserve the ability to enforce" their Venezuela-related rights in certain circumstances. OFAC FAQ 1124 (PDVSA bondholders of certain PDVSA bonds); *see* OFAC FAQ 1123 (*Crystallex* creditors).[4] This reflects the distinction OFAC has drawn throughout the VSR between preserving a creditor's position and transferring blocked property. A conditional writ is the kind of preservative step OFAC has not opposed.[5]

---

[1] *See* Tr. at 17:6–11 (Garnishees' counsel acknowledging that Girard Street "meet[s] all the requirements except that" the VSR poses an obstacle). Capitalized terms not otherwise defined have the meaning set forth in Girard Street's Reply Brief. (Dkt. 16.)

[2] OFAC administers sanctions "in response to threats to the national security, foreign policy, or economy of the United States." OFAC FAQ 1, https://ofac.treasury.gov/faqs/topic/1501.

[3] OFAC FAQ 808 explains, "creditors may file for writs of attachment without the need for OFAC authorization for matters involving property blocked under the VSR," but "a specific license from OFAC is required . . . for the enforcement of any lien, judgment, or other order through execution, garnishment, or other judicial process purporting to transfer or otherwise alter or affect property or interests in property blocked pursuant to the VSR."

[4] All OFAC FAQs related to the VSR may be found at https://ofac.treasury.gov/faqs/topic/1581.

[5] Girard Street has notified OFAC of this proceeding, Dkt. 2, and has applied for a specific license that would authorize Girard Street to obtain and execute upon writs of garnishment and execution. Dkt. 3-1 ¶ 6. OFAC also issued FAQ 1123 (in May 2023) permitting the *Crystallex* sale process to proceed after the District of Delaware

Texas Rule 661 provides a form of writ which "*may* be used" containing three elements: (1) a date by which answer must be made; (2) an interrogatory as of the date the writ was served on the garnishee regarding whether the garnishee is indebted to the defendant, has any of the defendant's effects in its possession, or "what other persons, if any, within [the garnishee's] knowledge, are indebted to the said [defendant] or have effects belonging to [them] in their possession"; and (3) an order commanding the garnishee "NOT to pay to defendant any debt or to deliver to him any effects, pending further order of this court." Tex. R. Civ. P. 661 (emphasis added). The VSR requires an OFAC license only for the third, which is why the proposed order conditions that element on a license or the lifting of the relevant sanctions. Dkt. 3-2 at 3.

In *Matter of Bohart*, the Fifth Circuit, applying Texas law, addressed a post-judgment writ in analogous circumstances. 743 F.2d 313 (5th Cir. 1984). The Fifth Circuit held the writ "ceased to be in effect" during the interval where the underlying judgment was reversed, *id.* at 321–22, and that the garnishee could pay the debtor during that period without liability, *id.* at 324. But the writ did *not* need to be reissued. Rather, the writ was "effective after its service and until" the reversal, "and again from and after" the reinstatement. *Id.*

Girard Street asks for the same structure: a writ whose freeze is suspended, so that Garnishees may pay PPSA, the judgment debtor, without liability here (subject to their own OFAC licenses) until the sanctions are lifted or OFAC licenses Girard Street's enforcement. In *Bohart* the suspension came from an appellate reversal; here it comes from federal law. Either way, an external constraint governs when the freeze operates, and the garnishee faces no conflicting duty while it is suspended.

---

issued conditional writs in *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, No. MC 19-290-LPS, 2022 WL 611563 (D. Del. Mar. 2, 2022).

Alternatively, the Court could stay service of the writ until the sanctions are lifted or OFAC licenses Girard Street's enforcement. The power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay must be "so framed in its inception that its force will be spent within reasonable limits." *Id.* at 257; *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). The Fifth Circuit has reversed stays that were "immoderate or of an indefinite duration." *Id.*; *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). The stay Girard Street proposes is bounded: it ends automatically when sanctions are lifted or a general license issues, or OFAC grants or denies Girard Street's license application. The Court could also require 90-day status reports and allow any party to move to lift the stay.

Finally, the Court could follow the *Crystallex* court's[6] approach, which was left undisturbed on appeal[7]: grant the motion now and authorize the writ to issue upon further order of the Court, which would be given when OFAC issues a license or sanctions are lifted. *See Red Tree Investments, LLC v. Petróleos de Venezuela, S.A.*, No. 1:22-mc-68, Dkt. 15 (D. Del.) (directing the Clerk of Court not to affix its signature or seal to the writ, and not to issue or serve the writ, until further order of the Court).

[6] The phrase "*Crystallex* court" is used here to refer to the constellation of Venezuela-related cases before Judge Leonard Stark, who is managing the judicial sale of PDVSA's shares in Citgo's parent company.

[7] The *Crystallex* court certified the "OFAC issue" to the Third Circuit as an interlocutory appeal, recognizing that the sanctions question would "permeate any future cases brought by any other judgment creditors of PDVSA"—such as the present case. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. MC 17-151-LPS, 2022 WL 1404702, at *3 (D. Del. May 4, 2022). But the Third Circuit declined to "wade into the attachment waters." *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 73 F.4th 157, 176 (3d Cir. 2023). Later, the Third Circuit acknowledged Red Tree's "'conditional attachment,' or an order noting that the district court intends to grant it an attachment in the future," without further comment. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 23-1117, 2024 WL 3342444, at *5 (3d Cir. July 9, 2024).

## II. Girard Street Does Not Ask the Court to Determine Priority Now, and Nothing in the Relief it Seeks Operates to Prejudge Priority

The Court asked whether the requested relief prejudges priority. It does not. Girard Street does not ask the Court to decide priority, and nothing in the relief it seeks would do so. For the same reason, 31 C.F.R. § 591.310 is not an obstacle. Tr. 23:5–11. Girard Street does not seek to "create, surrender, release, convey, transfer, or alter" a right or interest in property, 31 C.F.R. § 591.310. It asks only for an order that a future court, deciding priority, may weigh or disregard.

The Court asked whether OFAC aims to level the playing field among creditors, Tr. 24:6–18, 26:6–9. OFAC does not decide priority. It decides whether, and on what terms, blocked property may be reached, to serve U.S. foreign policy and national security interests. *See supra* n. 2, Tr. 24:20–25:1.

The Court also asked whether priority among various creditors of Venezuela otherwise blocked from execution by the VSR would necessarily be determined by the date relief is sought or obtained. Tr. 20:6–14. The only court previously to have considered the determination of priority given "the perhaps unique factors that have arisen in connection with efforts to collect on Venezuela's debts" consistent with the VSR first considered pro rata distribution and several other alternatives before selecting "the date of the filing of a motion for a writ of attachment that is eventually granted" as the basis of adjudicating priority, reasoning that diligent creditors who built the record should not see later-moving creditors benefit from their efforts. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. MC 17-151-LPS, 2023 WL 4826467, at *9–12 (D. Del. July 27, 2023) ("*Crystallex II*").

That ruling, made under Delaware law in a judicial sale, is instructive but binds no other court. Whether to credit diligence is for whichever court decides priority under its own law. The

writ would simply ensure that, once enforcement is permitted, this fully litigated proceeding need not begin again.

Granting Girard Street's requested relief prejudices no one. Denying it could prejudice Girard Street substantially. If OFAC enters a general license authorizing all creditors to enforce their judgments, a creditors' race likely will begin in Texas to satisfy debts from Venezuelan property located here, just as it did in Delaware, where fewer than half of the creditors on the final priority list may be paid from the proposed *Crystallex* sale. The experience of OI European Group B.V. ("OIEG") shows the cost of denial. OIEG moved for a writ of attachment on November 4, 2019, but the motion was denied on December 12, 2019 and the case was stayed; OIEG could not renew its motion until February 19, 2021. While OIEG's renewed motion was eventually granted, OIEG was in fourth place when the final priority list issued—behind *over $1.4 billion* in debt owed to two creditors who had moved for their writs 11 and 22 days *after* OIEG's first motion. *Crystallex II*, 2023 WL 4826467, at *11–*12; *see* Docket, *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, No. 1:19-mc-00290-LPS (D. Del.). This is the kind of "windfall" for later-moving creditors that Girard Street seeks to prevent.

## III. The Venezuela Sanctions Regulations Do Not Bar Issuance of a Writ Requiring Only a Sworn Answer

The VSR reaches only acts that alter rights in blocked property. A sworn answer providing information about debts alters none. *See* 50 U.S.C. § 1702(b)(3) (sanctions exemption for information). Garnishees argue the answer is a pleading that fixes the Court's jurisdiction, and that failing to answer risks a default judgment for the value of the debt. Tr. 23:20–24:5. First, fixing jurisdiction over a debt alters no right in the debt but only identifies what the writ will reach if OFAC permits execution. Unlike the blocking of property by a bankruptcy stay, the blocking of property by sanctions does not provide its owner with a "breathing spell" from

litigation of the owner's liability. Tr. 24:13–18; OFAC FAQ 808 (no license required "to initiate or continue U.S. legal proceedings" against a blocked person). Second, the Court can remove any risk of default by ordering that, until the writ's conditions are met, no monetary judgment of any kind would be entered against a Garnishee, including by default. Garnishees' duty to answer would remain enforceable, but nothing affecting the debts would happen without OFAC action.

Enforcing judgments is a core judicial function, and courts may choose a suitable method. *Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022). Nothing in the VSR forecloses the limited relief sought here.

## IV. The Court Has Diversity Jurisdiction Because PPSA Is a Nominal Party

Although the judgment debtor has procedural rights in a Texas garnishment, it "***is not a 'necessary party' to the proceeding***." *Barrow v. Wells Fargo Bank, N.A.*, 587 S.W.3d 137, 140 (Tex. App.—Fort Worth 2019, no writ) (relying on Tex. R. Civ. P. 39(a)) (emphasis added); *Billiouri v. Wells Fargo Bank, N.A.*, No. 3:15-CV-2664-L, 2022 WL 2992880, at *3 (N.D. Tex. July 28, 2022) (judgment debtor has rights but is not *necessary* party); *Philadelphia Indem. Ins. Co. v. JJ Red Com. Roofing LLC*, No. 3:23-CV-2581-L-BN, 2024 WL 749571, at *2 (N.D. Tex. Feb. 23, 2024) (same).

*Orange County v. Ware*, on which Garnishees rely, Tr. at 10:19–11:3, requires a "tripartite relationship" among garnishor, garnishee, and debtor—not the debtor's citizenship for diversity. 819 S.W.2d 472, 474 (Tex. 1991) (explaining that garnishment involves three parties because "a creditor's offsetting his own obligation to the debtor against the debtor's obligation to him" does not qualify as garnishment).[8] The citizenship of the judgment debtor, as a nominal

[8] Contrary to Garnishees' characterization, Tr. 10:23–11:1, *JGM Holdings, L.L.C. v. T-Mobile USA, Inc.* noted merely that the action was removed "to the district court on diversity grounds." 568 F. App'x 316, 318 (5th Cir. 2014). The notice of removal listed only the citizenship of the garnishors and the garnishee, not the debtor. *JGM Holdings LLC v. T-Mobile USA, Inc.*, No. 3:13-cv-1297, Dkt. 1 at 2 (N.D. Tex. Mar. 28, 2013). Here, Girard Street

party, may therefore be disregarded in the diversity analysis. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980) (because "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy," "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"); *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (same).

*Berry v. McLemore* confirms Girard Street's argument. 795 F.2d 452 (5th Cir. 1986). There, the garnishor, the debtor, and one garnishee were all Mississippi citizens, while the other garnishee, NHI, was not a Mississippi citizen. The garnishor filed two separate garnishment actions, one against NHI and the other against the Mississippi garnishee. *Id.* at 456. The Fifth Circuit explained, "Berry is a citizen of Mississippi; NHI is neither a resident nor a citizen of Mississippi. As this diversity is a sufficient basis for federal jurisdiction, this court will consider . . . the merits." *Id.* Only in the separate action, where garnishor, *garnishee*, and debtor were *all* Mississippi citizens, did the Fifth Circuit find a lack of subject-matter jurisdiction. *Id.* Had diversity between garnishor *and debtor* been required, the Fifth Circuit would not have found "a sufficient basis for federal jurisdiction" in the action against NHI, the diverse garnishee. *Id.*

Girard Street also preserves its alternative argument that the Court has ancillary enforcement jurisdiction. Dkt. 16 at 3–4.

## V. The Court Should Grant Girard Street Relief

The requested writ compels the sworn answer Texas law requires, without transferring property, freezing or restraining assets, prohibiting payment, or—until the conditions are met—

is a Cayman Islands citizen, and Garnishees are citizens of Delaware and Texas. Dkt. 16 n.4; *see Girard Street Investment Holdings LLC v. PDV Holding, Inc.*, No. 24-cv-4448, Dkt. 1 ¶ 6 (S.D.N.Y.) (Girard Street is a Cayman Islands LLC whose sole member is Gramercy Venezuela Opportunity Fund II, a Cayman Islands limited company with its principal place of business in Connecticut).

creating a lien. This relief is fully consistent with both federal and Texas law.

It is within the Court's discretion to order that service of the conditional writ does not create a freeze or lien unless and until OFAC issues a license or sanctions are lifted. Alternatively, the Court may stay service until a license issues or the VSR changes. As discussed above, a court may impose a reasonable stay through its inherent power, *Landis*, 299 U.S. at 254, and may also set a specific service deadline for a writ of garnishment—nothing in the Texas garnishment statute prohibits a court from delaying the operative effect of the freeze or holding service in abeyance pending an OFAC license. *See Philadelphia Indem. Ins.*, 2024 WL 749571, at *4. In either case, once OFAC issues a license or relevant sanctions are lifted Plaintiff would seek an *unconditional* writ which would then be served on Garnishees and PPSA in full compliance with § 63.003(a) and Rule 663a. In a third alternative, the Court could follow the Delaware court's approach: grant the motion now and authorize the eventual issuance of the writ later, once OFAC issues a license or relevant sanctions are lifted.

Finally, if the Court is not prepared to grant any of this relief, it should hold the motion in abeyance rather than deny it. An abeyance order decides nothing. It leaves a fully briefed motion pending until the only obstacle to relief, the absence of an OFAC license, is removed. That is an exercise of the Court's power "to control the disposition of the causes on its docket," *Landis*, 299 U.S. at 254, not an advisory opinion. The Court could bound it as it would a stay, by requiring status reports every 90 days, permitting any party to move to lift it, and/or automatically terminating it when OFAC resolves Girard Street's specific license application. Denial, by contrast, would not preserve the status quo. Under the only priority rule a court has adopted in these circumstances, priority runs from "the date of the filing of a motion for a writ of attachment that is eventually granted." *Crystallex II*, 2023 WL 4826467, at *11. A denial, even

without prejudice, could reset Girard Street's place in whatever priority line is ultimately established to whatever date it refiles.

Girard Street respectfully requests that the Court (1) issue the writ, requiring Garnishees to answer under oath as Rule 661 provides, and order that its freeze has no effect until OFAC licenses enforcement or the relevant sanctions are lifted; (2) alternatively, stay service of the writ until those conditions are met; or (3) alternatively, grant the motion and authorize the Clerk to issue the writ only when the conditions are met. At a minimum, the Court should hold the motion in abeyance on the terms set out above.

Dated: October 5, 2026

Respectfully submitted,

*/s/ Justin Waggoner*
Justin Waggoner
**STEPTOE LLP**
717 Texas Avenue
Suite 2800
Houston, TX 77002
Tel: (713) 221-2343
jwaggoner@steptoe.com

Michael J. Baratz (*pro hac vice*)
Emma Marshak (*pro hac vice*)
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-3000
mbaratz@steptoe.com
emarshak@steptoe.com

*Counsel to Plaintiff Girard Street Investment Holdings LLC*