**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| GIRARD STREET INVESTMENT HOLDINGS LLC,<br><br>Plaintiff/Judgment Creditor/Garnishor,<br><br>v.<br><br>PDV CHALMETTE, LLC; CITGO PETROLEUM CORPORATION; and LDC SUPPLY INTERNATIONAL, LLC,<br><br>Garnishees,<br><br>PDVSA PETRÓLEO, S.A.,<br><br>Defendant/Judgment Debtor. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 4:25-mc-02337<br><br>Hon. Keith P. Ellison |

**DEFENDANT/JUDGMENT DEBTOR PDVSA PETRÓLEO, S.A.'S RESPONSE TO GIRARD STREET'S SUPPLEMENTAL BRIEF**

Girard Street's supplemental brief (Dkt. 35) devotes less than a page and a half to jurisdiction. It does not dispute that PPSA is a Venezuelan corporation and Girard Street an alien; that the receivables it seeks are PPSA's; that Texas law requires PPSA to be served and entitles it to a hearing and to dissolution of the writ; or that the Garnishees concede the debt. It contends only that PPSA is "not a necessary party" and that *Berry v. McLemore* measures diversity between garnishor and garnishee alone. Neither contention is correct. Finally, and for the first time, Girard Street asks the Court to hold the motion "in abeyance" rather than deny it. Nothing in its supplemental brief supplies the jurisdiction Girard Street bears the burden to establish.

## I. "NECESSARY PARTY" UNDER TEXAS RULE 39 IS NOT THE TEST FOR A NOMINAL PARTY.

Girard Street's lead point is that the judgment debtor "is not a 'necessary party'" to a garnishment. Dkt. 35 at 7 (quoting *Barrow v. Wells Fargo Bank, N.A.*, 587 S.W.3d 137, 140 (Tex. App.—Fort Worth 2019, no pet.)). *Barrow* says what the phrase means: its footnote defines

"necessary party" by quoting Texas Rule of Civil Procedure 39, the compulsory-joinder rule. *Id.* at 140 n.4. Whether a person must be joined is a different question from whether a party already before the court has a real stake, and the Supreme Court has said as much of the federal joinder rules. Rules 17 and 19 "address party joinder, not federal-court subject-matter jurisdiction." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005). The parties whose citizenship is disregarded are, in the Court's examples, those "named to satisfy state pleading rules," "joined only as designated performer of a ministerial act," or who "otherwise had no control of, impact on, or stake in the controversy." *Id.* at 92–93. "A named defendant who admits involvement in the controversy and would be liable to pay a resulting judgment is not 'nominal' in any sense except that it is named in the complaint." *Id.* at 93. PPSA is the judgment debtor Girard Street named; it is the party whose property would pay the judgment; and Texas law requires that it be served with a writ announcing that its "money or property has been frozen or seized." Tex. R. Civ. P. 663a. That is a stake, not a formality.

Girard Street's other two authorities take it no further. *Billiouris* quotes *Barrow*'s full sentence, including the clause that the debtor "is nevertheless a party to the proceeding who has rights in the process." *Billiouris v. Wells Fargo Bank N.A.*, No. 3:15-CV-2664-L, 2022 WL 2992880, at *3 (N.D. Tex. July 28, 2022). *Philadelphia Indemnity* does not use the phrase "necessary party" at all. It says that a garnishment "involves at least three parties," including "the defendant or debtor"; that the garnishor "may only enforce against the garnishee the rights that the debtor could have enforced"; and that notice to the debtor "is an integral part of the statutory requirements," so that "a garnishment judgment rendered without such notice is void." *Phila. Indem. Ins. Co. v. JJ Red Com. Roofing LLC*, No. 3:23-CV-2581-L-BN, 2024 WL 749571, 2024 U.S. Dist. LEXIS 31118, at *3–4, *6 (N.D. Tex. Feb. 23, 2024) (quoting *Strobach v. WesTex Cmty.*

*Credit Union*, 621 S.W.3d 856, 870 (Tex. App.—El Paso 2021, pet. denied)). It comes from the same court that requires a garnishor's citizenship to be "diverse from the defendant (judgment debtor) and from every garnishee joined in the action." *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 774 F. Supp. 3d 799, 806 (N.D. Tex. 2024); *Phillips N. Am. LLC v. United States Auto. Ass'n*, No. 3:25-CV-1210-L-BN, 2025 WL 1828523, at *2 (N.D. Tex. July 2, 2025).

PPSA did not cite *Orange County* as a decision about diversity; it cited it for what garnishment is: the creditor's action against "his debtor's debtor," accomplished "by means of proper statutory process issued against the debtor and the garnishee." *Orange Cnty. v. Ware*, 819 S.W.2d 472, 474 (Tex. 1991) (quoting *Beggs v. Fite*, 106 S.W.2d 1039, 1042 (Tex. 1937)). Girard Street's gloss, Dkt. 35 at 7, confirms the point: the debtor is one of the three parties against whom the process issues. Its footnote on *JGM Holdings* adds nothing either way. Neither the district court nor the Fifth Circuit examined jurisdiction in that case, and unexamined exercises of jurisdiction "have no precedential effect." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998).

## II. BERRY COUNTS THE JUDGMENT DEBTOR'S CITIZENSHIP; ALIGNMENT EXPLAINS THE RESULT IN BOTH GARNISHMENTS.

Girard Street reads *Berry* to hold that diversity is measured between garnishor and garnishee alone, because the Fifth Circuit found jurisdiction over the garnishment against NHI on the citizenship of Berry and NHI without discussing the judgment debtor, who shared Berry's Mississippi citizenship. Dkt. 35 at 8. The passage says what Girard Street says it says. But the next paragraph of the same opinion found diversity lacking over the garnishment against the Town because "Berry, the Town and McLemore are all citizens of Mississippi," 795 F.2d at 456, and McLemore was the judgment debtor. The two passages are not two rules; they are one rule applied to two alignments. The court must "look beyond the pleadings, and arrange the parties according to their sides in the dispute," and the "necessary 'collision of interest'" is determined "from the

'principal purpose of the suit,' and the 'primary and controlling matter in dispute.'" *Zurn Indus., Inc. v. Acton Constr. Co.*, 847 F.2d 234, 236 (5th Cir. 1988) (quoting *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)). A named party that has no dispute with the plaintiff is realigned with the plaintiff. *Id.* (describing *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1177–78 (5th Cir. 1984)). In the NHI garnishment, the judgment debtor was claimed to be an insured under NHI's policy, and his interest, like Berry's, lay in NHI paying the judgment against him. Aligned with the garnishor, his Mississippi citizenship did not disturb diversity. In the Town garnishment every party was a Mississippi citizen, and no alignment could help.

That is also why the insurer cases Girard Street cited in its reply come out as they do: the debtor whose insurer disputes coverage wants what the garnishor wants. Dkt. 33 at 6–7. Here the alignment runs the other way. PPSA owns the receivables Girard Street seeks, and Girard Street's own brief describes the controversy: the writ is wanted so that, when "a creditors' race" begins "in Texas to satisfy debts from Venezuelan property located here," Girard Street will hold its place, and denial "could reset Girard Street's place in whatever priority line is ultimately established." Dkt. 35 at 6, 9–10. The "primary and controlling matter in dispute" is whether PPSA's property may be encumbered and in what order; the Garnishees, hold the stake for whoever prevails. On that alignment PPSA is adverse to Girard Street, and complete diversity is absent on any reading of *Berry*. Decisions of the Northern District of Texas read *Berry* the same way, citing the same page for the rule that the garnishor's "citizenship must be diverse from the defendant (judgment debtor) and from every garnishee joined in the action." *Choice Hospice*, 774 F. Supp. 3d at 806 (citing *Berry*, 795 F.2d at 456); *Phillips N. Am.*, 2025 WL 1828523, at *2 (same).

**III. REMAINING AUTHORITIES CONFIRM THE INDEPENDENT-ACTION RULE.**

Girard Street preserves its ancillary-jurisdiction argument by reference to its reply, Dkt. 35 at 8, and PPSA and PDVSA rest on Part I.A of their supplemental brief, Dkt. 33 at 1–4. The one

new Fifth Circuit decision it cites, *Thomas v. Hughes*, 27 F.4th 363 (5th Cir. 2022), holds that a court "may employ suitable methods" to enforce its judgment against the judgment debtor, *id.* at 368 (quoting *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982)), and then struck a non-party from the enforcement order because it "bears no liability for the underlying judgment and thus cannot be considered a judgment debtor," *id.* at 369. And its Rule 69 authority, *Whiteside*, began with an order requiring the garnishor to amend its application to allege "facts sufficient to invoke federal jurisdiction," because in the Fifth Circuit "garnishment actions against third-parties are generally construed as independent suits" and the garnishor "must establish an independent source of subject-matter jurisdiction." *Whiteside v. Allegiance Bank*, No. 4:22-cv-1081, 2024 WL 218514, 2024 U.S. Dist. LEXIS 9933, at *2 & n.2 (E.D. Tex. Jan. 19, 2024) (quoting the district judge's order in that case, which in turn quoted *Butler v. Polk*, 592 F.2d 1293, 1295–96 (5th Cir. 1979)).

## IV. A COURT WITHOUT JURISDICTION CANNOT HOLD THE MOTION IN ABEYANCE.

Girard Street's final request is that, if the Court will not grant any form of the writ, it "hold the motion in abeyance rather than deny it," because "[a]n abeyance order decides nothing" and denial "could reset Girard Street's place" in line. Dkt. 35 at 9–10. Jurisdiction comes first. A court that lacks it "cannot proceed at all in any cause"; "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co.*, 523 U.S. at 94 (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). Keeping a proceeding on the docket so that a creditor's filing date is preserved is an exercise of judicial power, and Girard Street's own description of the request confirms that it is wanted for its effect on priority in PPSA's property, which is the contingent interest the Garnishees address. The Garnishees' response addresses the indefiniteness of the stay and abeyance Girard Street proposes under Girard Street's own authorities; PPSA joins that response as well.

## CONCLUSION

The Court should deny Girard Street's Motion for Conditional Writ of Garnishment (Dkt. 3) and dismiss this proceeding for lack of subject-matter jurisdiction. If the Court reaches the merits, it should deny the motion for the reasons stated in the Garnishees' supplemental brief (Dkt. 34) and response, which PPSA join to the extent stated in Dkt. 33 and in Part IV above.

Respectfully submitted,

/s/ M. Andrés Sánchez-Ross

M. Andrés Sánchez-Ross
Attorney-in-Charge
Texas Bar No. 24056262
S.D. Tex. Bar No. 743446
C. Anderson Parker
Texas Bar No. 24046584
S.D. Tex. Bar No. 567726
Parker Sanchez & Donnelly PLLC
700 Louisiana Street, Suite 4520
Houston, Texas 77002
Tel.: (713) 659-7200
andres@psd.law
andy@psd.law

## CERTIFICATE OF SERVICE

I certify that on October 13, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Texas using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ M. Andrés Sánchez-Ross
M. Andrés Sánchez-Ross