**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| GIRARD STREET INVESTMENT HOLDINGS LLC,<br><br>*Plaintiff/Judgment Creditor/Garnishor,*<br><br>v.<br><br>PDV CHALMETTE, LLC; CITGO PETROLEUM CORPORATION; and LDC SUPPLY INTERNATIONAL, LLC<br><br>*Garnishees,*<br><br>PDVSA PETRÓLEO S.A.,<br><br>*Defendant/Judgment Debtor*. | No. 4:25-mc-2337 |

**GIRARD STREET'S RESPONSE TO**
**PDVSA PETRÓLEO, S.A.'S SUPPLEMENTAL BRIEF**

***First***, diversity turns on the citizenship of "real and substantial parties to the controversy," not nominal or formal ones. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980); *see* Transcript of September 28, 2026 Hearing ("Tr.") at 8:8–12. The real parties here are Girard Street, a Cayman Islands citizen, and the Garnishees (PDV Chalmette, Citgo, and LDC), citizens of Delaware and Texas. Dkt. 16 at 4 n.4; Dkt. 35 at 7–8 n.8. PPSA's Supplemental Brief ("PSB", Dkt. 33), asks the Court to count PPSA as a real party. The reason is clear: if PPSA's citizenship counted, aliens would stand on both sides, and 28 U.S.C. § 1332(a)(2) would not reach the case. PSB at 4–5. But PPSA is not a real party and cannot destroy diversity. *See Berry v. McLemore*, 795 F.2d 452, 456 (5th Cir. 1986) (holding that even though judgment creditor and debtor were both Mississippi citizens, diversity between the judgment creditor and a garnishee was "a sufficient basis for federal jurisdiction"; diversity was lacking where the garnishee was also a Mississippi citizen like the creditor). Had the debtor's citizenship counted in *Berry*, there would have been no diversity with the non-Mississippi garnishee.[1]

PPSA invokes *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69–70 (1941), PSB at 7–8, a realignment case, but no one seeks realignment here. PPSA and the Garnishees oppose the writ and would sit on the same side however the parties were arranged. The question is whether PPSA's citizenship counts at all, and under *Navarro* it does not. And

[1] Neither *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 774 F. Supp. 3d 799 (N.D. Tex. 2024) nor *Phillips N. Am. LLC v. United States Auto. Ass'n*, No. 3:25-CV-1210-L-BN, 2025 WL 1828523 (N.D. Tex. July 2, 2025), each a notice of deficiency issued by a magistrate judge in another district, held that jurisdiction was lacking. Each simply required the garnishor to allege citizenship adequately. *Choice Hospice*, 774 F. Supp. 3d at 806; *Phillips*, 2025 WL 1828523, at *2. The passing statement in those cases that the garnishor must be diverse from the judgment debtor cites only *Berry*, 795 F.2d at 456, and *Mitchell v. Bailey*, 982 F.3d 937, 942 (5th Cir. 2020), *as revised* (Dec. 30, 2020). *Mitchell* stated the general complete-diversity rule and involved no garnishment. *Berry* sustained jurisdiction over the action against the debtor's non-Mississippi insurer even though creditor and debtor were both Mississippi citizens. *Berry*, 795 F.2d at 456. Here, the citizenship of Girard Street and of each Garnishee has been alleged. Dkt. 16 at 4 n.4; Dkt. 35 at 7–8 n.8.

PPSA's argument fails even on *City of Indianapolis*'s terms. The "primary and controlling matter in dispute" is "determined by plaintiff's principal purpose for filing its suit," and realignment's objective "is only to insure that there is a *bona fide* dispute between citizens of different states." *Zurn Indus., Inc. v. Acton Constr. Co.*, 847 F.2d 234, 237 (5th Cir. 1988). PPSA argues that "the primary and controlling matter in dispute is whether PPSA's blocked property may be encumbered," PSB at 8,[2] but the "primary issue in a garnishment suit is whether the garnishee is indebted to, or has in its possession effects belonging to the debtor." *JGM Holdings, L.L.C. v. T-Mobile USA, Inc.*, 568 F. App'x 316, 319 (5th Cir. 2014) (quoting *Buckeye Ret. Co. v. Bank of Am., N.A.*, 239 S.W.3d 394, 399 (Tex. App.—Dallas 2007, no pet.)). Girard Street sued to make the Garnishees answer for what they owe PPSA, and any judgment would run against them—a *bona fide* dispute.

When the plaintiff has a *bona fide* claim against diverse defendants, "none of the defendants should be realigned." *Zurn*, 847 F.2d at 237. There is one here: the Garnishees oppose the writ. Dkts. 6, 34. PPSA says the Garnishees "do not dispute that they owe PPSA," quoting Girard Street's reply. PSB at 7 (quoting Dkt. 16 at 1). That proves nothing. No writ has issued, and no Garnishee has answered under oath. *See* Tex. R. Civ. P. 659. A garnishor's allegation is not a garnishment answer, and neither is a statement in a brief. In *City of Indianapolis*, by contrast, the plaintiff and the non-diverse defendant were "partners in litigation." 314 U.S. at 74.

---

[2] PPSA says the debtor's citizenship controls whenever the garnishee "concedes the debt." PSB at 8. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Loc. 349*, 427 F.2d 325, 326–27 (5th Cir. 1970) supports no such rule. It asked whether a labor union had to join a removal petition, and it remanded for further factfinding, explaining that "whether or not a named defendant is a nominal party depends on the facts in each case." *Id.* at 327. PPSA's rule would also make jurisdiction turn on events after filing. But jurisdiction "turns on the facts existing at the time the suit commenced." *Navarro*, 446 U.S. at 459 n.1; *see Zurn*, 847 F.2d at 236. No garnishee answers until a writ issues and is served, and then not until "10 o'clock a.m. of the Monday next following the expiration of twenty days from the date the writ was served." Tex. R. Civ. P. 659. Under PPSA's rule, the Court would learn whether it had jurisdiction only weeks after exercising it.

PPSA argues that it is a real party because "the property at stake is PPSA's" and it has "enforceable rights in the proceeding." PSB at 5–6. But every garnishment reaches the debtor's property. *See FG Hemisphere Assocs., LLC v. Republique du Congo*, 455 F.3d 575, 589 (5th Cir. 2006) ("In Texas, the writ of garnishment applies to debt obligations the garnishee owes to the debtor and property belonging to the debtor but in the garnishee's possession."); *Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992) ("Garnishment is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of the debt."). Texas treats a judgment debtor as "not a 'necessary party' to the proceeding," yet "nevertheless a party to the proceeding who has rights in the process." *Barrow v. Wells Fargo Bank, N.A.*, 587 S.W.3d 137, 140 (Tex. App.—Fort Worth 2019, no pet.). But procedural status and diversity status "serve different purposes and need not produce identical outcomes." *Navarro*, 446 U.S. at 462 n.9.

PPSA is a nominal party, and the real parties are diverse. *See* Dkt. 35 at 7–8 n.8.

***Second***, if PPSA were right that the Garnishees concede the debt and the only dispute is between Girard Street and PPSA over PPSA's property, PSB at 5–7, then this would not be a suit "involving a new party litigating the existence of a new liability." *Butler v. Polk*, 592 F.2d 1293, 1295–96 (5th Cir. 1979) (quoted at PSB 7). Instead, this would be a suit for enforcement of the existing judgment against the debtor's own property, and thus outside *Berry*'s rationale, 795 F.2d at 455. That is the kind of supplementary enforcement proceeding over which federal courts exercise ancillary jurisdiction. *See Peacock v. Thomas*, 516 U.S. 349, 356–58 (1996) (distinguishing proceedings to reach a judgment debtor's assets from suits seeking to impose liability on a new party). Girard Street preserves its argument that the Court has ancillary jurisdiction on this basis. Dkt. 16 at 3–4.

Either way, the Court has subject-matter jurisdiction over this case.

Dated: October 13, 2026

Respectfully submitted,

*/s/ Justin Waggoner*
Justin Waggoner
**STEPTOE LLP**
717 Texas Avenue
Suite 2800
Houston, TX 77002
Tel: (713) 221-2343
jwaggoner@steptoe.com

Michael J. Baratz (*pro hac vice*)
Emma Marshak (*pro hac vice*)
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-3000
mbaratz@steptoe.com
emarshak@steptoe.com

*Counsel to Plaintiff Girard Street Investment Holdings LLC*